UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AZAHEL VELAZQUEZ-MELGOZA,<br><br>Defendant. | Case No. 19-CR-248-3-JPS<br><br>**ORDER** |

**1. BACKGROUND**

On May 22, 2023, Defendant Azahel Velazquez-Melgoza ("Defendant") filed a motion for compassionate release and a brief in support thereof. ECF Nos. 317, 318. On June 20, 2023, the Government filed a brief in opposition to Defendant's motion. ECF No. 320. The Government also certified that it served its response on Defendant. ECF No. 321. Defendant did not file a reply brief within the time allotted by the Court's briefing schedule. ECF No. 319 (allowing Defendant to file reply within twenty-one days of the Government's response). For the reasons stated herein, Defendant's motion for compassionate release will be denied.

**2. FACTS**

In July 2020, Defendant pled guilty to a charge of conspiracy to distribute controlled substances, namely "100 grams or more of a mixture and substance containing heroin, . . . and 40 grams or more of a mixture and substance containing fentanyl . . . ." ECF Nos. 135 at 2, 171. He was subsequently sentenced to a term of sixty months of imprisonment. ECF No. 236 at 2. Sixty months was the statutory mandatory minimum

applicable to Defendant's offense conduct. ECF No. 235 at 2. Defendant did not appeal his conviction or sentence.

Defendant is currently serving his term of imprisonment at the United States Penitentiary in Yazoo City, Mississippi ("USP Yazoo City"). *See* Fed. Bureau of Prisons, *Inmate Locator*, https://www.bop.gov/inmateloc/ (last visited Aug. 22, 2023). His projected release date is in April 2024. *See id.*

Defendant seeks compassionate release on the basis that the "safety valve" provision of the federal sentencing statute, as modified by the First Step Act, would have applied to him at the time of sentencing—and accordingly would have allowed the Court to sentence him below the applicable statutory mandatory minimum sentence—but his eligibility "was never raised, entertained, [or] review[ed]" then. ECF No. 318 at 4–5 (citing 18 U.S.C. § 3553(f)). He argues that because he "was eligible at sentencing and is now still eligible" for safety valve relief, he has extraordinary and compelling circumstances warranting a reduction in his sentence reduce to time served, which would trigger his immediate release from confinement. *Id.* at 5–6.

3. **LEGAL STANDARD**

The Court can modify a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or thirty days after the warden at the defendant's facility has received such a request for release, "whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). There must also be "extraordinary and compelling reasons warrant[ing] such a reduction[.]" *Id.* § 3582(c)(1)(A)(i).

While § 3582(c)(1)(A) instructs that a reduction must also be "consistent with applicable policy statements issued by the [United States] Sentencing Commission," this circuit recently held that the relevant policy statement, U.S.S.G. § 1B1.13, is inapplicable to prisoner-initiated motions for compassionate release. *United States v. Gunn*, 980 F.3d 1178, 1179–80 (7th Cir. 2020). Therefore, a court has discretion when determining what constitutes an "extraordinary and compelling" reason warranting compassionate release. *Id.* at 1180 ("[T]he trailing paragraph of § 3582(c)(1)(A) does not curtail a district judge's discretion. Any decision is 'consistent with' a nonexistent policy statement."). A district court may also "make the same determinations that would normally be left to the Director of the Bureau of Prisons [under the catchall provision at U.S.S.G. § 1B1.13 n.1(D)]." *United States v. Brown*, No. 01-CR-196-JPS, 2020 WL 4569289, at *4 (E.D. Wis. Aug. 7, 2020).

Yet, this Court will evaluate prisoner-initiated motions for compassionate release with due regard for the guidance provided in § 1B1.13 because it "provide[s] a working definition of 'extraordinary and compelling reasons' . . . [which] can guide discretion without being conclusive." *Gunn*, 980 F.3d at 1180; *see also United States v. Mays*, No. 1:08-cr-00125-TWP-DML, 2020 WL 7239530, at *3 (S.D. Ind. Dec. 9, 2020) (evaluating compassionate motions brought under the "extraordinary and compelling" prong of § 3582(c)(1)(A) with "due regard" for § 1B1.13).

Prior to modifying a term of imprisonment, the Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a), if applicable. 18 U.S.C. § 3582(c)(1)(A).

## 4. ANALYSIS

### 4.1 Exhaustion

The Government first submits that Defendant's motion should be denied because he has not exhausted his administrative remedies as to the specific basis of his current motion. ECF No. 320 at 4–6. Although the Government concedes that Defendant raised *some* arguments for compassionate release to the Bureau of Prisons, he "never raised the issue of his safety valve eligibility with the warden or the Bureau of Prisons" and is attempting to "rais[e] his eligibility under the safety valve as modified by the First Step Act for the first time in his motion . . . ." *id.* at 6 (citing ECF No. 317-1 at 2–3).

"[T]he exhaustion requirement is a mandatory claim-processing rule and therefore *must* be enforced when properly invoked." *United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021). Section 3582(c)(1)(A) requires "issue exhaustion"; in other words, a defendant may not present one issue to his warden for consideration as the basis for his compassionate release request, and then raise a different issue to the Court as the basis for the same request. *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021). Issue exhaustion is consistent with the purpose behind the exhaustion requirement, the Seventh Circuit reasons, because it ensures that the Bureau of Prisons has all "the information necessary to move for release on a defendant's behalf." *Id.*

The Court agrees with the Government that Defendant has failed to exhaust the specific basis of his present compassionate release request. Defendant's submissions show that, on April 20, 2023, he submitted a compassionate release request to his warden "in light of the [First Step] [A]ct of 2018 and" 18 U.S.C. § 3582(c)(1)(A). ECF No. 317-1 at 3. On April

24, 2023, he submitted a similar request to the warden, citing the same laws. *Id.* at 2. While the requests did broadly reference the First Step Act of 2018 and the compassionate release statute, neither referenced the safety valve provision of the federal sentencing laws or the First Step Act's modifications thereto as the basis for Defendant's request. These requests in no way put the warden or the Bureau of Prisons on notice of what, exactly, Defendant believed the "extraordinary and compelling" circumstances warranting his release were. In other words, he failed to exhaust his administrative remedies because he failed to present to the warden or the Bureau of Prisons the particular issue that is now the basis of his request. The Court therefore must conclude that Defendant's motion must be denied because he failed to exhaust his administrative remedies. 18 U.S.C. § 3582(c)(1)(A).

### 4.2  Extraordinary and Compelling Reasons

The Government next argues that, even if Defendant's safety valve argument was properly exhausted, the fact that he may have been eligible for a sentence reduction under the safety valve provision, as modified by the First Step Act—but that such a sentence reduction was not considered or applied in his case—cannot be an "extraordinary and compelling" circumstance and therefore is not a basis for compassionate release. ECF No. 320 at 6–9. The Court concurs in this analysis as well.

"[A] claim of errors in the original sentencing is not itself an extraordinary and compelling reason for release." *United States v. Martin*, 21 F.4th 944, 946 (7th Cir. 2021). "[T]he compassionate release statute [may] not be used as a path to a sentence reduction based on a position available to defendants during plea negotiations or trial, direct appeal, or in a post-

Page 5 of 10
Case 2:19-cr-00248-JPS    Filed 08/22/23    Page 5 of 10    Document 322

conviction motion under 28 U.S.C. § 2255 challenging a sentence." *United States v. Brock*, 39 F.4th 462, 464 (7th Cir. 2022).

The First Step Act of 2018's broadening of the criteria that entitle a defendant to a reduction in an otherwise statutory mandatory minimum sentence applies "only to a conviction entered on or after the date of enactment of th[e] Act," which was December 21, 2018. First Step Act of 2018, Pub. L. No. 115–391, § 402, 132 Stat. 5221 (2018). Defendant was indicted on December 17, 2019, pled guilty on July 20, 2020, and was sentenced on February 5, 2021. ECF Nos. 1, 171, 235. The First Step Act's modifications to the safety valve provision were in effect at all relevant times during Defendant's criminal case.[1] Accordingly, the position that he should have been sentenced pursuant to those modified criteria was available and could have been raised at any of those stages; this argument cannot now be considered as an "extraordinary and compelling" reason justifying his release. *Brock*, 39 F.4th at 464.[2]

Although application of the safety valve measure is Defendant's primary proposed "extraordinary and compelling" circumstance, the Court addresses other arguments raised in his motion to the extent they might otherwise suggest such circumstances. While admirable, Defendant's efforts at rehabilitation and lack of disciplinary infractions while incarcerated, ECF Nos. 318 at 7–8 and 317-1 at 2–3, do not, on their own, meet the "extraordinary and compelling" bar. *United States v. Whited*, No.

---

[1]The Government's argument that the safety valve provision "appl[ies] only prospectively," ECF No. 320 at 9, is correct but irrelevant here, as it does not appear that Defendant seeks retroactive application of a later change in the law; rather he seeks that the law as it existed at the time he was sentenced be applied to him.

[2]Defendant has not filed any post-conviction motion under 28 U.S.C. § 2255.

21-1644, 2022 WL 1259028, at *2 (7th Cir. Apr. 28, 2022) ("[R]ehabilitation efforts or disciplinary record . . . are not extraordinary and compelling reasons for release and are therefore more suitably addressed as part of the § 3553(a) analysis." (citing *United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021)).

Defendant also urges the Court to consider "the unjust nature of earlier sentencing schemes" and the need to avoid sentencing disparities between him and other defendants with the "same conduct, same offense, and same criminal history who received 'safety valve' sentences." ECF No. 318 at 10. Both arguments are non-starters. The Seventh Circuit has foreclosed "relief from mandatory minimum sentences prescribed by Congress"—such as Defendant's—when such a request for relief is based on arguments "that the prescribed sentence is too long, rests on a misguided view of the purposes of sentencing, reflects an outdated legislative choice by Congress, and the like." *United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021). And "argu[ments] that [a] sentence violate[s] the policy of avoiding 'unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct'" have similarly been rejected as grounds for compassionate release. *United States v. Mitchell*, No. 03-40021, 2021 WL 462123, at *5 (C.D. Ill. Feb. 9, 2021) (quoting *United States v. Arojojoye*, 806 F. App'x 475, 477 (7th Cir. 2020)), *reconsideration denied*, No. 03-40021, 2021 WL 1177864 (C.D. Ill. Mar. 29, 2021). Sentencing-disparity arguments may be considered among the § 3553(a) factors, however. 18 U.S.C. § 3553(a)(6).

### 4.3 § 3553(a) Factors

Having determined that Defendant has not exhausted his administrative remedies or presented an extraordinary and compelling

reason warranting compassionate release, the Court is not required to consider the § 3553(a) factors. *See Thacker*, 4 F.4th at 576 ("*Upon a finding* that the prisoner has supplied [an "extraordinary and compelling"] reason, the second step of the analysis requires the district court, in exercising the discretion conferred by the compassionate release statute, to consider any applicable sentencing factors in § 3553(a) . . . ." (emphasis added)). The Government did not brief this issue. *See generally* ECF No. 320. However, for the sake of complete analysis, the Court briefly analyzes the sentencing factors and finds that, even if Defendant had exhausted his administrative remedies and presented an extraordinary and compelling reason warranting release, application of those factors counsels against compassionate release.

The § 3553(a) factors include the following: the nature and circumstances of the offense; the defendant's history and characteristics; and the need for the sentence to (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment, (2) afford adequate deterrence, (3) protect the public, and (4) provide the defendant with effective training, care, and/or treatment. 18 U.S.C. § 3553(a). As mentioned above, "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" is also relevant. 18 U.S.C. § 3553(a)(6).

With respect to the conduct underlying Defendant's charge of conviction, Defendant operated as part of a conspiracy to distribute in the Milwaukee area fentanyl and heroin, notoriously pernicious controlled substances. *See* ECF No. 234 at 6–11. The Court maintains that the sixty-month sentence it imposed—which was well below the 78 to 97 months range authorized by the Sentencing Guidelines, ECF No. 235 at 1—reflects

the seriousness of Defendant's conduct and its destructive impact on the surrounding community. The Court similarly does not believe that the sentence it imposed on Defendant was out of line with those imposed on his co-defendants for similar conduct. *See, e.g.*, ECF No. 242 (sentencing co-defendant to sixty months for same charge). Finally, the Court finds that Defendant's needs for effective training, care, and/or treatment are being met in the institutional setting and that requiring him to serve out the remainder of his sentence will best assure that he gets the maximum benefit of institutional programming. *See* ECF No. 317-2 ("post-sentencing rehabilitation program review").

### 5. CONCLUSION

Defendant has not exhausted his remedies, has not proffered an extraordinary and compelling reason warranting his release, and has not persuaded the Court that, even if extraordinary and compelling reasons warranted his release, his early release would be justified under the § 3553(a) sentencing factors. Therefore, the Court will deny Defendant's motion for compassionate release, ECF No. 317.

As a final matter, Defendant's motion attaches, among other things, a proposed release plan and reference letters, both of which Defendant requests be sealed by the Court. *Id.* at 5. The Court previously instructed Defendant to "file a statement explaining why the documents he seeks to restrict should be withheld from the public record," and that failure to do so would result in the restriction being removed from those filings. ECF No. 319 at 2. Defendant filed no such statement, and the Court does not otherwise see why the filings should not be part of the public docket in this case. Defendant's request is accordingly denied, and the restrictions will be removed from the documents. Should Defendant wish to request that these

Page 9 of 10
Case 2:19-cr-00248-JPS    Filed 08/22/23    Page 9 of 10    Document 322

documents be sealed or restricted again, he may do so via motion to the Court, taking care to explain why there is good cause for his request. Gen. L.R. 79(d)(3).

Accordingly,

**IT IS ORDERED** that Defendant Azahel Velazquez-Melgoza's motion for compassionate release, ECF No. 317, be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Defendant's request that certain documents attached to his motion be sealed, ECF No. 317, be and the same is hereby **DENIED without prejudice**; the Clerk of Court shall remove the restriction from the submissions at ECF Nos. 317-3 and 317-4.

Dated at Milwaukee, Wisconsin, this 22nd day of August, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Page 10 of 10
Case 2:19-cr-00248-JPS    Filed 08/22/23    Page 10 of 10    Document 322